IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SVM HOLDING, S.A. § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | ADMIRALTY |
| NEXUS MARITIME SERVICES GMBH, § | |
| and PALAU INTERNATIONAL SHIP § | |
| REGISTRY, INC. § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S VERIFIED (1) PETITION AND MOTION FOR CONFIRMATION OF ARBITRAL ORDER AND AWARD OF EQUITABLE RELIEF AND (2) COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF IN AID OF ARBITRATION**

Plaintiff SVM Holding, S.A. hereby files its Verified (1) Petition and Motion for Confirmation of Arbitral Order and Award of Equitable Relief and (2) Complaint for Injunctive Relief in Aid of Arbitration against Defendants Nexus Maritime Services GMBH and the Palau International Ship Registry, alleging as follows:

**I.**
**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff SVM Holdings, S.A. ("SVM") is a foreign business entity organized and existing under the laws of Luxembourg, having its registered address at 151, Avenue de la Fainercerie, L-1511, Luxembourg.

2.  Defendant Nexus Maritime Services GMBH ("Nexus") is a foreign business entity organized and existing under the laws of Liberia, having its registered office at 80 Broad Street, Monrovia, Liberia.

3.  Defendant Palau International Ship Registry, Inc. ("Palau Registry") is a Delaware corporation, having its principal place of business at 16701 Greenspoint Park Drive,

1

Suite 155, Houston, Texas 77060.

4. This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and 9 U.S.C. §§ 1 and 207, and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is also proper under 28 U.S.C. § 1332.

5. Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 207, *et seq.*, SMSA seeks to confirm two orders/awards for injunctive relief recently issued in a Swiss arbitration.

6. Venue is appropriate because the acts Plaintiff seeks to enjoin would be conducted, in whole or in part, in this District and Division.

## II.
## FACTS

7. On or about May 16, 2014, SVM and Nexus executed and entered into a Loan Agreement and Addendum 1 thereto (the "Loan Agreement") wherein SVM agreed to loan Nexus the sum of USD $12,300,000 (the "Loan"), with repayment by Nexus being due in one year. *See* Declaration of Mr. Michel Barbey, attached hereto as Exhibit A and incorporated herein.

8. Although the Loan Agreement does not describe Nexus' intended use for the Loan, Nexus represented to SVM that the sole purpose of the Loan was to purchase two vessels, the M/V SOY-1 and the M/V SOY-2 (collectively, the "Vessels"). Specifically, Nexus represented to SVM that, on May 14, 2014, Nexus entered into two Memoranda of Understanding whereby Nexus agreed to purchase the Vessels from a Turkish entity for the price of USD $11,900,000. Nexus further represented to SVM that it was in urgent need of funds to secure the purchase of the Vessels because, pursuant to the Memoranda of Understanding, Nexus was obligated to pay the seller a deposit in the amount of $1,080,000 no later than May 18, 2014.

2528682-1

9. SVM and Nexus agreed to a deal whereby SVM agreed to finance the purchase of the Vessels by Nexus and to pay for miscellaneous purchase-related costs and expenses, such as the Vessels' fuel and registration fees. Immediately following receipt of the Loan, Nexus purchased the Vessels.

10. Nexus failed to repay the Loan in accordance with the terms of the Loan Agreement, and Nexus is in breach of the Loan Agreement. Moreover, SVM has discovered that, after Nexus purchased the Vessels, Nexus renamed the Vessels,[1] deleted the Vessels from their prior registry, and registered the Vessels with the Palau Registry.

11. Pursuant to the terms of the Loan Agreement, SVM commenced a Swiss arbitration proceeding against Nexus in order to recover the Loan.

12. The Vessels are the only known assets of Nexus. Accordingly, should Nexus transfer or otherwise encumber the Vessels during the pendency of the arbitration, SVM faces the serious and imminent threat that, upon completion of the arbitration, it may have an uncollectable award for the unpaid and outstanding Loan.

13. In order to protect SVM's interests, and to ensure that the Vessels will be recoverable or otherwise subject to execution upon completion of the arbitration, SVM applied for emergency relief in the arbitration proceeding, seeking an order preventing Nexus from transferring, granting pledges or other security interests, or taking any other action that would affect the ownership rights and interests concerning the Vessels. On August 19, 2015, the Swiss arbitrator granted SVM's request and entered a Preliminary Order on Application for Emergency Relief (the "Preliminary Order") that ordered Nexus "not to dispose in any way (e.g. by transfer or ownership, granting of a pledge or other security interests, or by any other act materially affecting its ownership rights and interests) of [the Vessels]."

---

[1] The Vessels are now named the M/V NOVOROSSIYSK and the M/V SEVASTOPOL.

14. Both prior to the commencement of the arbitration proceeding and thereafter, Nexus has failed to respond to SVM's repeated requests for payments and/or an accounting of the funds provided through the Loan. Additionally, at the time of the Preliminary Order and up to the date of the filing of this Verified Complaint, Nexus has not made an appearance in the arbitration proceeding.

15. Following issuance of the Preliminary Order, SVM took additional action to ensure that the Vessels (i.e., the only known assets of Nexus) would be protected from transfer or encumbrance during the pendency of the arbitration proceeding. One of these steps was to notify the Palau Registry of the Preliminary Order and the injunctive relief granted therein.

16. As the official registry for the Vessels, the Palau Registry is vested with the authority to record the transfer of ownership of the Vessels as well as any mortgages or other encumbrances placed upon the title of the Vessels.

17. Although the Palau Registry confirmed receipt of the Preliminary Order, its response to SVM's notice indicated that the Palau Registry would continue to act in accordance with the commands of its member, Nexus, notwithstanding the injunctive relief awarded in the Preliminary Order. *See* August 20, 2015 email from the Palau Registry, attached hereto as Exhibit B. Specifically, the Palau Registry advised SVM that it does not involve itself in the contractual obligations and/or legal disputes of its members. *See id.* Moreover, the Palau Registry stated that the Preliminary Order has no compulsory effect upon its conduct. *See id.*

18. On or about September 2, 2015, the Swiss arbitrator issued an Interim Award on Application for Emergency Relief (the "Interim Award"), which once again ordered Nexus to not to dispose of or materially affect the ownership of the Vessels. *See* Exhibit C.

19. Despite the arbitrator's orders, and the Palau Registry's notice of the injunctive

2528682-1

relief granted in the arbitration proceeding, on or about Friday, September 4, 2015, the Palau Registry contacted counsel for SVM to advise that the Vessels may be deleted from the Palau Registry and changed to the Russian flag. *See* Exhibit D.[2]

20. Should the Palau Registry actually delete the Vessels from its registry, Nexus will be free to transfer or otherwise encumber the Vessels, in clear contravention of the Preliminary Order and Interim Award.

21. In view of the above items, and in light of the likelihood that SVM will prevail in the pending arbitration, it is probable and imminent that Nexus will attempt to transfer or otherwise encumber its only known, recoverable assets (i.e., the Vessels), and, if Nexus is successful in doing so, SVM will be left with an irreparable injury for which there is no adequate remedy at law (i.e., an uncollectable award). Moreover, as the Palau Registry has indicated that the injunctive relief ordered by the arbitrator will not affect the Palau Registry's ability and/or willingness to comply with the commands of its member, Nexus, regarding the registration/transfer of the Vessels and/or any other activities concerning the ownership rights and interests of the Vessels, SVM is reasonably concerned that the Palau Registry may be complicit in any attempt by Nexus to delete the Vessels from the Palau Registry and/or to transfer or otherwise encumber title to the Vessels. The recent advisement regarding the proposed deletion of the Vessels further elevates these concerns.

22. Based upon the foregoing, SVM is legitimately concerned that an arbitration award would be rendered ineffectual absent the injunctive relief sought herein.

### III.
### REQUEST FOR CONFIRMATION OF ARBITRATION AWARD

---

[2] Undersigned counsel for SVM issued a response to the Palau Registry, advising that deletion of the Vessels would be in violation of the injunctive relief granted by the arbitrator. *See* Exhibit E. The Palau Registry has not replied to SVM's response.

23. SVM incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1-22 of this Complaint.

24. SVM hereby seeks recognition and enforcement of the Preliminary Order and the Interim Award.

25. Plaintiff seeks leave of this Court in order to confirm the Preliminary Order and Interim Award in accordance with the Convention, which provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention. 9 U.S.C. § 207.

26. While the Swiss arbitration remains pending, this Court is permitted to recognize and enforce these interim awards for equitable relief, given the extreme circumstances surrounding this matter and the serious, imminent threat that Nexus will take steps to foreclose SVM's chances of recovery by disposing of or otherwise encumbering Nexus' only known assets; i.e., the Vessels. *See S. Seas Navigation Ltd. of Monrovia v. Petroleos Mexicanos of Mex. City*, 606 F.Supp. 692, 694 (S.D.N.Y.1985) (arbitral award providing interim equitable relief was final and confirmable because it clarified parties' rights pending final arbitration on merits). If provisional relief could not be enforced, if would be ineffective.[3] As the court in *S. Seas Navigation* explained:

> That the arbitrators labeled their decision an "interim" award cannot overcome the fact that if an arbitral award of equitable relief based upon a finding of irreparable harm is to have any meaning at all, the parties must be capable of enforcing or vacating it at the time it is made. Such an award is not "interim" in the sense of being an "intermediate" step toward a further end. Rather, it is an end in itself,

---

[3] *See Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991) ("[t]emporary equitable orders calculated to preserve assets or performance needed to make a potential final award meaningful ... are final orders that can be reviewed for confirmation and enforcement by district courts under the FAA").

for its very purpose is to clarify the parties' rights in the "interim" period pending a final decision on the merits. *Id.*

27. There is a legitimate and imminent threat that Nexus will take steps to dispose of the Vessels or otherwise impair SVM's ability to execute upon the Vessels, which are Nexus' only known assets. In view of this threat, the Swiss arbitrator issued the Preliminary Order and the Interim Award in order to prohibit Nexus from engaging in activities that would leave SVM with an uncollectable award upon the conclusion of the arbitration proceeding. As set forth herein, sufficient grounds exist for this Court to confirm and recognize the Preliminary Order and the Interim Award.

## IV.
### REQUEST FOR INJUNCTIVE RELIEF

28. SVM incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1-27 of this Verified Complaint.

29. Nexus has not repaid the Loan, and it is in breach of the Loan Agreement. It is quite likely that SVM will prevail on its claims against Nexus in the pending arbitration.

30. Nexus' only known assets are the Vessels, and, if Nexus is permitted to transfer or otherwise encumber the Vessels, there is a serious, legitimate, and imminent threat that any award obtained by SVM in the pending arbitration will be uncollectable.

31. In recognition of the threat, the arbitrator issued the Preliminary Order mandating that Nexus take no action that affects the ownership rights and/or interests in the Vessels.

32. To date, Nexus has not appeared in the arbitration proceeding, and SVM's repeated demands for Nexus' repayment of the Loan have gone unanswered.

33. Although the Palau Registry received notice of the Preliminary Order, the Palau Registry has clearly indicated that the Preliminary Order will not affect it ability and/or

willingness to comply with Nexus' commands regarding the registration of the Vessels and/or any other directives by Nexus that may affect the ownership rights and/or interests in the Vessels. In fact, the Palau Registry has advised SVM that it intends to delete the Vessels from the registry.

34. SVM reasonably fears that Nexus will imminently and materially violate the Preliminary Order, and SVM is likewise legitimately concerned that the Palau Registry will be complicit in any attempt by Nexus to violate the Preliminary Order through a change in the Vessels' registration status and/or other acts that may affect the ownership rights and/or interests in the Vessels.

35. Under these circumstances, a preliminary injunction in aid of arbitration is a necessary and appropriate remedy. If Nexus violates the Preliminary Order and Interim Award prior to the resolution of the arbitration between the parties, the arbitration will be rendered a hollow formality, because Nexus and the Palau Registry already will have caused irreparable harm to SVM.

## V.
## PRAYER

Wherefore, Plaintiff SVM respectfully prays that this Court enter an Order providing the following:

(a) that the Preliminary Order and Interim Award are confirmed and recognized;

(b) that Nexus shall not dispose in any way (e.g. by transfer of ownership, granting of a pledge or other security interests, or by any other act materially affecting its ownership rights and interests) of the Vessels;

(c) that the Palau Registry shall not change its registration records for the Vessels in any way that would materially affect the ownership rights and interests of the Vessels,

including the deletion of the Vessels from the Palau Registry; and

(d)   any such other and further relief as the Court deems proper and just.

Respectfully submitted,

CHAFFE MCCALL, L.L.P.

/s/ Dimitri P. Georgantas
Dimitri P. Georgantas
Attorney-in-Charge
Federal I.D. No. 2805
Texas State Bar No. 07805100
Eugene W. Barr
Federal I.D. No. 1144784
Texas State Bar No. 24059425
801 Travis Street, Suite 1910
Houston, Texas 77002
(713) 546-9800 Telephone
(713) 546-9806 Facsimile
Email:   georgantas@chaffe.com
         barr@chaffe.com

**ATTORNEYS FOR PLAINTIFF
SVM HOLDING, S.A.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SVM HOLDING, S.A. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| | § | ADMIRALTY |
| NEXUS MARITIME SERVICES GMBH, and PALAU INTERNATIONAL SHIP REGISTRY, INC. | § § § § | |
| Defendants. | § | |

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared Dimitri P. Georgantas, who being duly sworn, deposed and stated as follows:

My name is Dimitri P. Georgantas. I am counsel for SVM Holding, S.A, and I am qualified to make this verification. I have read the above and foregoing Plaintiff's Verified (1) Petition and Motion for Confirmation of Arbitral Order and Award of Equitable Relief and (2) Complaint and Application for Injunctive Relief in Aid of Arbitration (the "Petition and Complaint").

As confirmed in the declaration of Michel Barbey (a true and correct copy of which is attached as Exhibit A and incorporated into the Petition and Complaint), the facts and statements contained in the Petition and Complaint are within Mr. Barbey's personal knowledge and are true and correct.

10

2528682-1

Additionally, Exhibits B, C, D, and E to the Petition and Complaint are true and correct copies of the Interim Award and the correspondence between SVM and the Palau Registry.

_____
Dimitri P. Georgantas

SUBSCRIBED AND SWORN BEFORE ME this 8th day of September 2015.

_____
Notary Public, State of Texas

L. SANCHEZ
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 22, 2016

11

2528682-1