UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SVM HOLDING, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-02581 |
| | § | |
| NEXUS MARITIME SERVICES GMBH, | § | |
| PALAU INTERNATIONAL SHIP | § | |
| REGISTRY, INC., | § | |
| | | |
| Defendants. | | |

## AMENDED TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff SVM Holding, S.A.'s Application for Temporary Restraining Order ("TRO") And Preliminary Injunction in Aid of Arbitration (Doc. #2) against Defendants Nexus Maritime Services GMBH and Palau International Ship Registry, Inc. Additionally, the Court has considered oral arguments presented at the ex-parte hearing on September 9, 2015, and the record in this case. After considering the arguments and evidence presented, this Court grants the TRO against the Palau International Ship Registry, Inc., but denies the TRO against Nexus Maritime Services GMBH.[1]

Plaintiff SVA Holdings, S.A. ("SVA") is a company registered in Luxembourg (Doc. #1 at 1). Defendant Nexus Maritime Services GMBH ("Nexus") is a company registered in Liberia. Defendant Palau International Ship Registry, Inc. ("Palau Registry") is a Delaware corporation with its principal place of business in Houston, Texas.

---

[1] The Court will not grant the TRO against Nexus because SVM made no attempt to notify Nexus of the TRO hearing. Under Fed. R. Civ. P 65(b)(1)(B), the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

According to SVA, SVM loaned Nexus $12,300,000 to purchase two vessels, the M/V SOY-1 and the M/V SOY-2 ("the Vessels"). Nexus bought the ships, but failed to repay the loan. Instead, it renamed the Vessels to M/V NOVOROSSIYSK and M/V SEVASTOPOL, deleted the Vessels from their prior registry, and registered the Vessels with Defendant the Palau Registry.

Pursuant to the loan agreement, SVM began arbitration proceedings in Switzerland to recover the loan, which Nexus has not attended. SVM alleges that the Vessels are the only known assets of Nexus,[2] and SVM is concerned that if Nexus transfers or encumbers the Vessels during the arbitration proceedings, SVM may be left with an uncollectable award. The arbitrator issued an interim award ordering Nexus not to dispose of, or transfer ownership of, the Vessels.

On September 4, the Palau Registry told SVM that it is not subject to the arbitrator's authority and that the Vessels may be deleted from its registry and changed to the Russian flag. On September 8, 2015, SVM brought an action in this Court seeking confirmation of the interim award and a Temporary Restraining Order against Nexus and the Palau Registry, ordering them not to change the registration of the Vessels until the arbitration proceedings are done. At the hearing, counsel for SVM stated that they provided the Palau Registry with written notice of the TRO proceeding via email, but did not provide notice to Nexus.

For the reasons described above, the Court finds that SVM will suffer irreparable harm and loss if the Palau Registry is permitted to transfer or otherwise affect the ownership rights and interests of two vessels: The M/V NOVOROSSIYSK (IMO No. 7822160) and M/V SEVASTOPOL (IMO No. 7822184) ("the Vessels"), including but not limited to deletion of the Vessels' registration with the Palau Registry. Specifically, SVM presented evidence to the Court

---

[2] SVM represented to the Court both in its filings with this Court and orally that the two Vessels are Nexus' only assets. But the Emergency Arbitrator's order mentions a bank account owned by Nexus and held by Piraeus Bank in Greece (Doc. #1-3 at 27). The Court will give SVM the benefit of the doubt in the face of this conflicting information.

substantiating its claim that: (1) SVM has a substantial likelihood of success on the merits; (2) SVM will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the Palau Registry; and (4) that the TRO will not disserve the public interest. *See Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009). Given the urgency of the situation, the Court finds that a TRO without notice is appropriate.

The Palau Registry is immediately enjoined and restrained, either directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, or representative of the Palau Registry, from doing any of the following until the expiration of this Order: Transferring ownership of the Vessels M/V NOVOROSSIYSK and M/V SEVASTOPOL or taking any other action that would affect the ownership rights and interests concerning the Vessels, including but not limited to deleting the Vessels from the Palau Registry.

It is FURTHER ORDERED THAT this order is not effective until a bond in the amount of $10,000 is posted by SVM.

The Order shall remain in force until September 23, 2015. On September 23, 2015 at 10:00 a.m., the Defendants shall appear in the United States District Court for the Southern District of Texas and show cause why the Court should not grant SVM a preliminary injunction pending the Swiss arbitration.

It is so ORDERED.

Hour of issuance: _9 : 30 A_.m.

SEP 1 0 2015
_____
Date

_____
THE HONORABLE ALFRED L. BENNETT
UNITED STATES DISTRICT JUDGE